UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Moser Construction Company, Inc., | ) | Case No. 1:08 CV 1014 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| Cleveland Municipal School District, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion of Defendant Cleveland Municipal School

District Board of Education ("CMSD") for Judgment on the Pleadings pursuant to Fed. R. Civ.

P. 12(c).  (ECF #12).  For the reasons that follow, Defendant's Motion is granted in part and

denied in part.

## PROCEDURAL BACKGROUND

Plaintiff Moser Construction Company ("Moser") filed this § 1983 action on April 18,

2008 against defendants Cleveland Metropolitan School District ("CMSD"), Ozanne Hammond

Gilbane Regency ("OHGR") and Cold Harbor Building Company ("Cold Harbor") seeking

Declaratory Judgment, Injunctive Relief, Damages and Statutory Attorneys' Fees.  Moser is a

non-union "open shop" concrete and masonry contractor with experience on government,

commercial and industrial projects.  (Complaint, ¶1).  Defendant OHGR is a joint venture of four

contractors which acts as CMSD's Construction Manager for its school projects.  (Complaint

¶5).  Defendant Cold Harbor is a general building contractor that was awarded certain

competitively bid prime contracts on CMSD's construction projects at Patrick Henry K-8

School, New Buhrer K-8 School and Harvey Rice School. On each of those jobs Cold Harbor

was compelled by CMSD to replace Moser with union subcontractors. (Complaint ¶4).  Moser

asserts that CMSD has unlawfully "debarred" Moser from working as a subcontractor on CMSD

school construction projects because it is an open shop.  (Complaint ¶1).  Moser asserts that

CMSD has required prime contractors on four school construction projects to fire Moser as a

subcontractor and replace Moser with union subcontractors as a condition of obtaining

construction contracts with CMSD.  CMSD allegedly used a "long-after-the-fact cosmetic

complaint on a portion of a single school building as a pretext to explain its four rejections of

Moser as a subcontractor on other projects." *Id.*  Moser contends that CMSD's debarring of

Moser is arbitrary, capricious and an abuse of discretion and violates Moser's due process and

equal protection rights under the U.S. and Ohio Constitutions, as well as violating applicable

Ohio competitive bidding laws. *Id*.


**STANDARD OF REVIEW**

Review of a motion brought pursuant to Rule 12(c) for judgment on the pleadings is

nearly identical to that employed under a Rule 12(b)(6) motion to dismiss for failure to state a

claim. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001); *Grindstaff v. Green*,

133 F.3d 416, 421 (6th Cir.1998). A motion to dismiss under Federal Rule of Civil Procedure

("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being

subject to discovery.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  In

evaluating a motion to dismiss, the court must construe the complaint in the light most favorable

to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable

of the plaintiff.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The court will

not, however, accept conclusions of law or unwarranted inferences cast in the form of factual

2

allegations.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)").  Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable.  *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

## I.  Equal Protection Claim

Moser asserts that CMSD has violated the Equal Protection Clauses of the United States and Ohio Constitutions by prohibiting Moser from working on its construction projects because of its non-union status.

The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that "No state shall . . . deny to any person within its jurisdiction the equal

protection of the laws." U.S. Const. Amend. XIV, §1. To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis. *Club Italia Soccer & Sports Organization v. Charter Township of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006) citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).

The Supreme Court of the United States has determined that strikers are not a protected class for purposes of equal protection analysis. *Lyng v. UAW*, 485 U.S. 360, 108 S.Ct. 1184 (1988). Thereafter, the Sixth Circuit concluded that union members are not a protected class. *Hoke Company v. Tennessee Valley Authority*, 854 F.2d 820, 828 (6th Cir. 1988). See also *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Similarly, non-union members do not constitute a protected class, nor do union or non-union contractors. *Club Italia*, 470 F.3d at 298. As neither a suspect class nor a fundamental right is implicated here, the Plaintiff must demonstrate that CMSD had no rational basis for barring Moser from its construction projects because it was a non-union shop.[1] *Hoke*, 854 F.2d at 828.

The rational basis test is highly deferential to a state's decisions. A classification involving neither fundamental rights nor a suspect class "cannot run afoul of the Equal Protection Clause if there is a rational relationship between disparity of treatment and some

---

[1]

Moser's argument that a pair of Ohio Supreme Court decisions in 1931 and 1932 require a finding that prohibiting a contractor from participating in a public construction project because of its non-union status violates the equal protection clause of the United States Constitution is misplaced. Over the decades following those opinions the United States Supreme Court has developed a different analysis to be applied to equal protection claims and has specifically determined that union membership is not a protected class for the purposes of an equal protection claim. See *Lyng*, 485 U.S. 360.

4

legitimate governmental purpose." *Central State University v. Am. Assoc' of University Professors*, 526 U.S. 124, 127-28 (1999).  Under the rational basis test, a court's inquiry is at an end where there is a plausible reason for the government's action.  See *FCC v. Beach Communications, Inc*., 508 U.S. 307, 314 (1993). Moreover, the government's decision may be based on rational speculation which may be suggested by the court itself.  *Id*. at 315, 318.  An equal protection violation may only be made "if the [government's] action is shown to be irrational."*TriHealth, Inc. v. Board of Commissioners,* 430 F.3d 783, 791 (6th Cir. 2005). (Citation omitted.)

 CMSD contends that its preference for union contractors over non-union contractors is not irrational and suggests that such a preference would avoid labor disputes, encourage collective bargaining, and promote efficiency in the government's decision-making process. Moser has asserted that CMSD's exclusion of Moser has caused CMSD to expend more than $350,000 on the relevant projects.  The fact that CMSD's preference for union contractors has cost the District more money in this instance does not necessarily mean that the preference is irrational.  Ultimately, the deferential rational basis test applied in equal protection challenges reflects the judgment of the courts that courts should not second guess the legislature's social and economic decisions where fundamental rights or protected classes are not involved.  Thus, in this case the Court finds that CMSD's preference for union contractors is rationally related to the legitimate government interest of avoiding labor disputes, encouraging collective bargaining and facilitating efficiency in its school construction program.  Accordingly, Plaintiff's Equal Protection Claim under the United States Constitution fails and is dismissed.

## II. Due Process Claim

In the caption heading its claim for violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Ohio Constitution, Plaintiff states "[t]he Due Process Clauses of the United States and Ohio Constitutions Prohibit the Deprivation of Liberty or Property Without Due Process of Law and Prohibit Arbitrary Government Action." (Complaint, p.6) Specifically, Plaintiff alleges that it has a property interest in a publicly bid contract and that its constitutionally protected property interest was violated by the contracting authority's rejection of its participation in a publicly bid contract on the unannounced basis that it is a non-union contractor, or for no reason at all.(Complaint ¶¶ 15-16) As a subcontractor on the bids of the successful lowest responsive and responsible bidders for prime contracts on the relevant projects, Plaintiff asserts that it is entitled to Due Process protections. (Complaint ¶17). The Complaint does not identify any liberty interest that Plaintiff may have or how any liberty interest may have been violated.

It is well established that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569-570 (1972). In *Roth*, the Supreme Court established that in order to have a property interest in a benefit, a person must have more than an "abstract need or desire for it," rather, he must have a "legitimate claim of entitlement to it." *Id.* at 577. Further, any "legitimate claim of entitlement" is derived from some independent source, such as state law. *Id.*; see also *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

In order to establish that it had a protected property interest in the publicly bid contracts

6

at issue Plaintiff must show either that: (1) it was actually awarded the contract at any procedural stage or (2) that local rules limited the discretion of state officials as to whom the contract should be awarded.  *United of Omaha Life Insurance Co. v. Solomon*, 960 F.2d 31, 34 (6th Cir. 1992); *Farris*, 503 F.3d at 519.

CMSD contends that Moser cannot meet this standard.  First, Moser was not "actually awarded" any contract by CMSD.  Moser did not seek any direct contracts with CMSD, rather Moser was a potential sub-contractor in a prime contractor's bid.  Further, CMSD did not award Moser any subcontracts on school projects.  Any subcontracts awarded to Moser would have been contracts from a private bidding process with the prime contractors, not a statutory process with CMSD.

In response to this argument, Moser abandons its claims on three of the projects identified in the Complaint and focuses on the Harvey Rice Project where it argues that CMSD failed to reject Moser as a subcontractor within the time permitted by the contract documents. Moser states that pursuant to Article 15.1.1.2 of the Contract Documents, CMSD had ten days, until February 24, 2008, to provide written notice to Cold Harbor that CMSD was rejecting any subcontractor identified on Cold Harbor's Contract Forms 26 and 27.  CMSD sent Cold Harbor a written notice rejecting Moser as a subcontractor on the Harvey Rice Project on March 7, 2008, twelve days after the Contract time for rejecting subcontractors had expired. In the interim, Moser and Cold Harbor had entered a written subcontract for the work and had met on a number of occasions to plan the work, ordered materials, set aside manpower, and incurred costs associated with production of shop drawings and with preparing to commence its performance on the project. (Complaint ¶¶ 91-93).

7

As Moser's Complaint makes clear, Moser never entered a contract with CMSD.  Its contract was a private contract between Cold Harbor, the prime contractor and Moser as the subcontractor.  As such, Moser never had a contract with a governmental authority.  Moving on to the second element of property interest test, Moser contends that CMSD's failure to reject Moser as a subcontractor within the ten day limit creates a property interest because CMSD no longer had any right to reject Moser as a subcontractor.  "In other words, the procedure followed by Defendant CMSD was no longer authorized...." (ECF #16 at p.14).  However, the failure to follow local procedure does not create a property right in subcontractor work as property interests do not lie in process alone.  *Faris*, 503 F.3d at 519-20. The fact that CMSD did not follow the procedure set forth in the contract documents with Cold Harbor does not create a protected property interest for Moser. The Sixth Circuit stressed that "state *procedural* requirements cannot be the types of "limits on discretion" that are sufficient to find a property interest.  In order for limits on discretion to create property interests, they must be *substantive* limits on discretion." *Id*. at 520.  The ten day time limit at issue here is not a substantive limit on CMSD's discretion.

Finally, Moser argues that CMSD abused its discretion by repeatedly prohibiting Moser from participating in public construction projects because it is a non-union contractor.  This argument attempts to combine Moser's due process and equal protection claims.  However, Moser does not allege that CMSD's discretion was limited by state or local law when rejecting subcontractors as required by the *Solomon* two part test to establish property interests in government contracts.[2]  Absent a limitation on discretion, no property interest exists.

---

[2]

The public bidding documents at issue here affords the CMSD unlimited discretion to reject

8

Rather, citing *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527 (6th Cir. 2002),  Moser argues that even unfettered discretion cannot be exercised in an arbitrary or capricious manner.  In *Michigan Paytel*, the Sixth Circuit concluded that the plaintiff had no property interest in a government contract because the city had unlimited discretion to reject the plaintiff's bid.  *Id*. at 540.  While the Court noted in dicta that even unfettered discretion cannot be exercised in an arbitrary or capricious manner, the Court did not hold that an abuse of unfettered discretion somehow creates a property right protected by due process.

In sum, Plaintiff has not alleged facts demonstrating that it has a protected property interest in the projects at issue here sufficient to state a due process claim under the Fourteenth Amendment of the United States Constitution.  As such, Plaintiff's §1983 claim alleging violation of the Due Process Clause of the United States Constitution is dismissed.

## III.  State Claims

As Plaintiff's federal claims have been dismissed, Plaintiff's state law claims will be dismissed without prejudice.  Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply,* 465 F.3d 719, 728 (6th Cir.2006).

### CONCLUSION

For the reasons set forth above, CMSD's Motion to Dismiss (ECF #12) is granted as to

---

subcontractors.  Section 15.1.1 of the General Conditions of Contract for each project permits CMSD to reject subcontractors without restriction.  See Complaint, ¶91 and Ex. C at p.3.

9

Plaintiff's §1983 claims alleging violation of the Equal Protection Clause and the Due Process

Clause of the United States Constitution.  Plaintiff's remaining state law claims against CMSD

and the other Defendants are dismissed without prejudice.

IT IS SO ORDERED.


  _/s/Donald C. Nugent_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED:___September 25, 2008__

10